made false statements as to the ability of the company, on the strength of which the plaintiffs sold to this same company, he cannot escape liability for such actual fraud on the ground that both the plaintiffs and himself thought the company was a corporation.

" In making this supposition of the defendant's intent, we do so simply by way of argument on this first proposition. Whether there was really any fraud is a very different question.

" Another point of the defendant, substantially the same in principle, is that the plaintiffs did not sell to the Utica Steam Woolen Company. True, the plaintiffs did not sell to the extinct corporation, which had borne that name. But they did sell to some persons, who used that name in buying and selling, and those persons were the persons about whom, as doing business in that name, the plaintiffs inquired and the defendant answered."

The court, however, upon a review of all the evidence came to the conclusion that there was not evidence to warrant a verdict for the plaintiff, and therefore denied a new trial.

*J. E. Dewey,* for the plaintiffs. *B. D. Hurlburt, Francis Kernan* and *Orlow W. Chapman,* for the defendant.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J. and BOCKES, J.; BOARDMAN, J. taking no part.

Motion for new trial denied, and judgment ordered for the defendant on nonsuit, with costs.

---

THE SAVINGS BANK OF UTICA, PLAINTIFF, *v.* NELSON O. WOOD AND OTHERS, DEFENDANTS.

*Surplus moneys — priority of liens as to.*

APPEAL from an order made on an application for the distribution of the surplus moneys in this action. February 14, 1876, Nelson O. Wood and his two sisters joined in a mortgage to the

plaintiff conveying 177 acres of land which they owned as tenants in common, and a tract of fifty acres, which Nelson O. Wood owned individually and solely.

Nelson O. Wood received all the money raised by the loan, the sisters signing for his benefit and receiving nothing. September 1, 1876, the bank of Chenango recovered a judgment against Nelson O. Wood, individually, for $6,215.61. On December 12, 1876, the two sisters mortgaged their interests in the 177 acres to John Mitchell. Upon the foreclosure of the plaintiff's mortgage, the question was whether the judgment or the mortgage to Mitchell were entitled to priority.

The court at Special Term awarded the priority to the mortgage.

The court at General Term said : " As between Wood and his two sisters it is plain that, if the land had been sold in parcels, it would have been equitable to sell ; first, his fifty acres ; next, his one undivided third of the 177 acres ; and lastly, their two-thirds of the 177 acres. As the land was not sold in parcels, but as a whole, it is equitable to treat the avails in the same manner — that is, the proportionate avails (agreed upon) of the fifty acres should be first applied to the mortgage ; then Wood's one-third of the proportionate avails of the 177 acres ; and then so much as is necessary of the remaining two-thirds of the avails of the 177 acres. Whatever surplus of the proportionate avails of these two-thirds should remain, would therefore be the property of the sisters of Wood. As such, it would be subject to the mortgage executed by them, and would not be affected by the lien of the judgment against Wood."

We think the order should be affirmed, with ten dollars costs and printing disbursements.

*Albert F. Gladding*, for the Bank of Chenango. *R. A. Stanton*, for the respondent John Mitchell.

Opinion. *Per Curiam.*

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and printing disbursements.